SCHOTT, Judge,
dissenting.
I respectfully dissent from the judgment which affirms the dismissal of plaintiff’s petition to disavow paternity of the minor child.
Plaintiff obtained a judgment of separation from his wife on July 18, 1974, and this child was born on October 7,1975. Thus, he is entitled to invoke the presumption against paternity in the case of -the child born more than 300 days after the judgment of separation from bed and board. C.C. Arts. 187 and 188 (as they read prior to Act 430 of 1976).
The trial court in his reasons for judgment made the statement that' “the presumption of legitimacy is the strongest in our law. The plaintiff’s proof is grossly insufficient and far short of that required to preponderate.” .
Similarly, my colleagues in' discussing this case speak of the public policy of the state relative to the presumption of legitimacy.
Tannehill v. Tannehill, 261 La. 933, 261 So.2d 619 (1972) at p. 622 states that the presumption of paternity does not exist when the child is born more than 300 days after judgment of separation. Hence, I submit that the trial judge and my colleagues have erred in their approach to this case.
The* only evidence offered to establish cohabitation and resulting paternity was the statement by the defendant mother to the effect that in December, 1974, while plaintiff was in her home on a visit to the children, and at a time when the children had gone outside, she had intercourse with him. He denied that this occurred. If this uncorroborated- testimony is sufficient. to rebut the presumption established by the Code in plaintiff’s favor the presumption is meaningless.
I recognize that this case -is consolidated in this court with the appeal of the husband from a separate, suit against his wife for divorce based on adultery, and there may be some inconsistency in affirming the dismissal of his divorce action and at the same time reversing the dismissal of his action to disavow.
*714 In the divorce action, plaintiff had the burden of proof, and I agree with my colleagues that the testimony and other evidence was insufficient for plaintiff to establish that his wife committed adultery so as to entitle him to a judgment as a matter of law. Surely the evidence was not sufficient for us to reverse the trial judge’s dismissal of his suit.
The trial of the divorce case was held on March 18,1976, and the trial of the disavow action was four days later in another division of the Civil District Court before another judge. Under the law and jurisprudence I cannot say that any error exists in the judgment dismissing the divorce suit, but I am compelled to dissent from affirming the judgment dismissing the disavowal action. The inconsistency here results from the statutory law and it is not for us to correct this problem but for the legislature.
I respectfully dissent.